REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have asked relative to pending legislation, whether public funds may be used for the erection of official logo signs (on State highways), citing 23 U.S.C. § 131(f) (Cum. Supp.) as authority for such action.
Additionally, Neb.Rev.Stat. § 39-634.01 (Reissue 1978) contains similar and more specific language.
In the absence of constitutional restrictions, these statutory sections would be considered to be adequate authorization for the erection of logo signs as and how indicated therein. However, there is a constitutional restriction in Nebraska preventing the State from extending its credit to private enterprise. Art. XIII, Sec. 3 of the Constitution of Nebraska states as follows:
 "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, except that the state may guarantee or make long-term, low-interest loans to Nebraska residents seeking adult or post high school education at any public or private institution in this state. Qualifications for and the repayment of such loans shall be as prescribed by the Legislature. (Amended, 1968)."
While it is not argued that logo signs would not be of assistance to the traveling public, it is considered that the entity being advertised would be receiving a direct monetary benefit from the State, plainly in violation of the constitutional provision cited. Therefore, your question is answered in the negative.
This matter has been raised once before with a similar answer being given in Opinion No. 217 of the Attorney General dated April 5, 1976, citing Opinion No. 8 dated January 22, 1973. Copies of both are attached.
You have further asked, by letter of March 29, 1983, whether public funds can be used to erect an official highway sign authorized and approved by the U.S. Department of Transportation's Federal Highway Administration.
In answer, we know of no restriction on the use of public funds for such purpose, assuming funds have been appropriated for highway expenditures. Such signs are considered an integral, and also necessary, part of the highway system. Neb.Rev.Stat. § 39-1320(2)(k) (Reissue 1978) lists as one state highway purpose, `The erection and maintenance of marking and warning signs and traffic signals'.
If the thrust of your inquiry is to question the following of Federal Highway Administration authorization and approval of official highway signs you are referred to Neb.Rev.Stat. § 39-1305 (Reissue 1978), which states:
 "The department shall have the authority to make all contracts and do all things necessary to cooperate with the United States government in matters relating to the cooperative construction or improvement of the state highway system, or any road or street of any political or governmental subdivision or any public corporation of this state, or of any road necessary to be constructed for national defense, national forests and scenic purposes, for which federal funds or aid are secured and for maintenance of roads constructed for the United States government. Such contracts or acts shall be carried out in the manner required by the provisions of the acts of Congress and the rules and regulations made by an agent of the United States in pursuance of such acts."
 Very truly yours, PAUL L. DOUGLAS Attorney General Randall E. Sims Assistant Attorney General